**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50508
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

J.W. MYERS,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Western District of Texas
(EP-90-CR-82-6)

_____

June 3, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

In his fourth appeal of the sentence he received after his conviction for conspiracy to possess with intent to distribute methamphetamine, J.W. Myers argues for the first time that the district court erred by presuming that his offense involved d-methamphetamine and computing his base offense level accordingly. The only issue for consideration on an appeal following remand is whether the court below reached its final decree in due pursuance of this court's previous opinion and mandate. *Burroughs v. FFP Operating Partners, L.P.*, 70 F.3d 31, 33 (5th Cir. 1995); *see also United States v. Fiallo-Jacome*, 874 F.2d 1479 (11th Cir. 1989); *United States v. Connell*, 6 F.3d 27, 30 (1st Cir.

_____

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1993).    A claim is deemed to be abandoned when it is not raised in the original appeal. *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996).

On Myers's third appeal, this court remanded for determination of whether the government could present evidence from which it might be reasonably inferred that the methamphetamine attributed to Myers had a sufficient percentage of purity so as to contain at least 100 grams of pure methamphetamine. The district court correctly found that the issue of whether l- or d-methamphetamine was involved was outside of the parameters of this court's limited remand. AFFIRMED